**Tigran GADYAN, aka Artur Avestiyan, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 06–74576.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 \*\*.

Filed Oct. 2, 2007.

Victoria Bezman, Esq., Law Offices of Victoria Bezman, Encino, CA, for Petitioner.

Tigran Gadyan, Burbank, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Tigran Gadyan, a native and citizen of Armenia, petitions for review of the Board

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and may reverse only if the evidence compels such a result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's and BIA's conclusion that Gadyan did not establish past persecution because the harassment and mistreatment that Gadyan experienced in Armenia did not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). We agree with the IJ's conclusion that Gadyan's medical records do not establish that there is any connection between his illnesses and the mistreatment that he suffered in Armenia.

Furthermore, because Gadyan has similarly-situated family members that have remained in Armenia without incident, substantial evidence supports the IJ's conclusion that Gadyan has not established a well-founded fear of future persecution. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004). Finally, substantial evidence supports the BIA's conclusion that Gadyan failed to establish a "pattern or practice" of persecution. *See* 8 C.F.R. § 208.13(b)(2)(iii); *see also Lolong v. Gonzales,* 484 F.3d 1173, 1180 (9th Cir.2007) (en banc). Accordingly, Gadyan's asylum claim fails.

Because Gadyan failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, because Gadyan has not shown that it is more likely than not that he will be tortured if returned to Armenia, substantial evidence supports the IJ's and BIA's denial of CAT relief. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**